IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| QUENTIN A. MITCHELL, | § | |
| Movant, | § | |
| | § | |
| v. | § | A-05-CA–057 JN |
| | § | (A-00-CR-024 JN) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |
| | § | |
| QUENTIN A. MITCHELL, | § | |
| Movant, | § | |
| | § | |
| v. | § | A-05-CA–058 JN |
| | § | (A-00-CR-030 JN) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER

The Court is in receipt of a letter addressed to the undersigned purporting to be from Vanessa Mitchell, the mother of Quentin A. Mitchell ("Mitchell"), who is the defendant in the above-styled cases. Ms. Mitchell says that the letter concerns the "miscarriage of justice" that took place before the undersigned in 1999. In brief, she asserts that her son is serving more time on the above cases than permitted by the sentences in those cases, allegedly because

> the Government and your court dismissed the counts in the case # that carried the 924(c)(1) "gun charge" and never resubmitted the charges in a timely manner. Therefore, my son is doing time in prison on counts that were dismissed.

Ms. Mitchell further mentions that "there was a case that the U.S. Supreme Court ruled on regarding a federal firearm prosecution, on enhanced minimum penalties (*Alleyne v. U.S.*, No. 11-9335, 6/17/13)." She concludes by stating that "All my son is asking for is a public defender to represent him, so the proper motion could be filed in order to give him a 24-month sentence reduction, on the 924(c)(1) 'gun charge.'"

Quentin Mitchell is no stranger this Court, as he has filed scores of motions and cases raising the same issues. His filings have been sufficiently prolific—and frivolous—that in December 2010 Judge Nowlin barred Mitchell from filing in this Court any pleading that challenges his convictions and sentences in the two above cases unless he first received permission from the Fifth Circuit Court of Appeals to file a successive § 2255 motion. *See Mitchell v. Special Masters*, A-10-CA-789-JN (Dec. 2, 2010) (Dkt. No. 13). As that order catalogues, Mitchell has repeatedly attempted to circumvent orders of this Court and the Fifth Circuit by filing cases here and in other districts, and, before Judge Nowlin's 2010 order was entered, had been warned numerous times that additional actions of that type would be sanctioned. *Id.* at 1; *see also Mitchell v. Pearson*, No. 10-60089 (5th Cir. Aug. 13, 2010).

It is plain that the letter from "Ms. Mitchell" is yet another attempt by Mitchell to circumvent the sanctions order issued by Judge Nowlin in 2010. With the sole exception of the signature, the handwriting in the three-page letter appears quite clearly to be Mitchell's. Because there is no evidence that Mitchell has received permission from the Fifth Circuit to pursue here the issues raised through this letter, the Court **ORDERS** that the Clerk docket the letter in both of the above cases for administrative purposes only, as required by the order of Judge Nowlin in *Mitchell v. Special Masters*, A-10-CA-789-JN (Dec. 2, 2010) (Dkt. No. 13). No further action will be taken on the letter.

The Court will add two notes, however. *First*, to the extent that Mitchell continues to assert that he is serving time for a charge that was dismissed, he is well aware that that argument is baseless and frivolous. In 2010, in one of the many proceedings Mitchell has filed, *In re Mitchell*, No. 10-51037 (Dkt. No. 122), Mitchell submitted a Petition for Writ of Mandamus containing this allegation. There he repeated the same allegations contained in the instant letter, claiming that the

Government had dropped the charge brought pursuant to 18 U.S.C. § 924(c), and he was nevertheless sentenced for that crime. As detailed by the Fifth Circuit's opinion, what in fact happened is that the Government dismissed the original charge and refiled a new charge, the only difference being that the weapon that Mitchell was charged with using and brandishing was changed from a "semiautomatic weapon" in the old charge, to a "rifle" in the new charge. Mitchell pled guilty to the revised charge, and was properly sentenced on that charge. *See id.* at 2-3.

*Second*, Mitchell's assertion that he is entitled to a 24 month reduction in his sentence under *Alleyne* is mistaken. In *Alleyne* the Supreme Court held that judicial factfinding that increases the mandatory minimum sentence for a crime violates the Sixth Amendment, overruling *Harris v. United States*, 536 U.S. 545 (2002). *Alleyne*, 133 S. Ct. at 2155. But judicial factfinding did not increase the mandatory minimum sentence of Mitchell's offense; rather, Mitchell admitted to the brandishing of a firearm in his plea agreement and this finding increased the mandatory minimum sentence for Mitchell's offense. Because Mitchell entered into a plea agreement in which he specifically admitted to the finding that increased his minimum sentence, the holding of *Alleyne* does not apply to him.

Courts of other circuits that have been presented with this relatively new issue have held similarly. In *United States v. Wimberly*, the Sixth Circuit held that the holding of *Alleyne* was irrelevant where the convicted had entered a guilty plea and specifically admitted to the fact used to support his mandatory minimum sentence. *United States v. Wimberly*, 2013 U.S. App. LEXIS 13360, 2, 2013 WL 3214988 (6th Cir. 2013) (per curiam); *see also United States v. Eziolisa*, 2013 U.S. Dist. LEXIS 102150, 8 ("[T]he *Apprendi* line of cases does not apply at all to facts admitted by a defendant. When a defendant . . . admits the fact upon which the enhanced sentence depends,

3

there is no occasion for a jury to find that fact either."); *see also Banks v. United States*, 2013 U.S. Dist. LEXIS 92653, 2013 WL 3338500, n. 1(E.D. Mo. 2013) (Asserting that the holding in *Alleyne* does not apply to the movant because he had specifically entered into a plea agreement finding the facts that resulted in his 180-month sentence).[1]

**ACCORDINGLY, IT IS ORDERED** that the Clerk docket the letter received July 11, 2013, in both of the above cases for administrative purposes only, as required by the order of Judge Nowlin in *Mitchell v. Special Masters*, A-10-CA-789-JN (Dec. 2, 2010) (Dkt. No. 13). **IT IS FURTHER ORDERED** that Mitchell is **WARNED** that continued efforts to circumvent the orders of this Court could result in monetary sanctions being imposed against him.

SIGNED this 26th day of August, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, though the Supreme Court has not yet addressed this issue, *Alleyne* almost certainly does not apply retroactively to Mitchell's sentence. Under §2255(h)(2) a new rule applies only when the new rule has been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. §2255(f)(3). The declaration of retroactivity must come from the Supreme Court. *See Dodd v. United States*, 545 U.S. 353, 125 S. Ct. 2478 (2005). *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). The Supreme Court has held that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004); *see also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (Asserting that *Apprendi* itself is not retroactive). This implies that *Alleyne* does not apply retroactively. *See Simpson v. United States*, 2013 U.S. App. LEXIS 13902, 2-3, 2013 WL 3455876 (7th Cir. 2013) ("Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on §2255(h)(2) . . . .").